IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| BETTY SALYERS, | ) | Civil Action No. 1:06cv00104 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| LOWE'S HOME CENTERS, | ) | |
| INC., | ) | BY: PAMELA MEADE SARGENT |
| Defendant. | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |

This case was brought by Betty Salyers against Lowe's Home Centers, Inc., ("Lowe's"). Salyers alleges that Lowe's had a duty under Virginia law to maintain the aisles of its Pounding Mill, Virginia, store in reasonably safe condition and that Lowe's breached that duty. As a result of this alleged breach of duty, Salyers claims that Lowe's created an unsafe condition which caused Salyers to sustain injuries for which she now seeks to recover monetary damages in the sum of $250,000.00. Salyers is a resident of the Commonwealth of Virginia. Lowe's is a corporation organized and existing under the laws of North Carolina, with its principal place of business in North Carolina. Based on the diversity of these parties, Lowe's removed this matter from Tazwell County Circuit Court to federal court pursuant to 28 U.S.C. § 1446. This court has diversity jurisdiction to decide this matter pursuant to 28 U.S.C. § 1332. Presently before the court is the defendant's motion for summary judgment, (Docket Item No. 6), ("Motion"), which was filed on March 21, 2007. Because the plaintiff filed no response to the Motion within the 30 days as required by the Scheduling Order, the Motion will be treated as unopposed by the plaintiff. The Motion is before the undersigned

-1-

magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I. Facts*

Salyers was deposed, and she also has provided answers to interrogatories from Lowe's. A transcript of Salyers's deposition and her answers to interrogatories were submitted to the court. Based on a review of the record in this case, it appears that on July 25, 2005, Salyers and her sister, Sylvia Elma Gaye Byrd, visited the Lowe's retail location at 4375 Indian Paint Road, Pounding Mill, Virginia, to look at light fixtures.

Salyers stated that she stopped in an aisle in an area of the store where light fixtures were displayed. (Plaintiff's Answers To Defendant's First Interrogatories And Requests To Produce, (Docket Item No. 8, Exhibit A), ("Answer to Interrogatories"), at 4-5.) The aisle was bordered by a center aisle of shelves stocked with merchandise on one side and a wall displaying different light fixtures on the other side. Salyers admitted that this aisle was well-lighted due to all of the light fixtures on display. (Answer to Interrogatories at 4-5.)

While looking at the light fixtures overhead, Salyers stated that her sister directed her to look at one fixture in particular, and, to get a better view, Salyers walked backwards two steps. (Answer to Interrogatories at 4-5, Discovery Deposition of Betty Salyers, (Docket Item No. 8, Exhibit B), ("Salyers Deposition"), at 25.) As she stepped backwards, Salyers stated that her foot "caught on something" which caused her to fall. (Answer to Interrogatories at 4-

-2-

Case 1:06-cv-00104-GMW-PMS   Document 11   Filed 04/20/07   Page 2 of 9   Pageid#: 173

5.)

Salyers stated that after she fell, she looked over to see what she had tripped over and saw "pallets of boxes" stacked beside a beam. (Salyers Deposition at 26.) She described these stacked boxes as being "probably two or three feet high." (Salyers Deposition at 26.) Furthermore, Byrd indicated that after Salyers fell, Byrd turned around and saw a pallet stacked with boxes of light fixtures. (Discovery Deposition of Sylvia Elma Gaye Byrd, (Docket Item No. 8, Exhibit C), ("Byrd Deposition"), at 21.) Byrd indicated that the boxes of light fixtures were stacked about chest high, which was approximately four feet high. (Byrd Deposition at 21-22.) Byrd also stated that when she turned around she was directly facing the boxes. (Byrd Deposition at 24.)

Lowe's states that it keeps light fixtures openly on display, and it often places stacks of boxed light fixtures with price reductions, or with special sale offers, at the end of aisles to attract attention to these products. (Defendant's Memorandum In Support Of Motion For Summary Judgment, (Docket Item No. 8), ("Defendant's Brief"), at 1.)

## *II. Analysis*

The defendant's Motion in this case is unopposed by the plaintiff. However, upon a review of the record in this case, I am of the opinion that the Motion should be granted, regardless of the fact that the Motion is unopposed.

A moving party is entitled to summary judgment "if the pleadings,

-3-

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). *See Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995); *Miltier v. Beorn*, 896 F.2d 848, 850 (4th Cir. 1990); *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364-65 (4th Cir. 1985); *Cole v. Cole*, 633 F.2d 1083, 1090 n. 7 (4th Cir. 1980). The plaintiff is entitled to have the credibility of all her evidence presumed. *See Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The opposing party must demonstrate that a triable issue of fact exists; she may not rest upon mere allegations or denials. *See Anderson*, 477 U.S. at 248. A mere scintilla of evidence supporting the case is insufficient. *See Anderson*, 477 U.S. at 248.

Since the court's jurisdiction in this case rests on diversity, the court must apply the substantive law of the forum state, including the forum state's choice of

law rules. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *See, e.g., Ferens v. John Deere Co.*, 494 U.S. 516, 519, 531 (1990); *Merlo v. United Way of Am.*, 43 F.3d 96, 102 (4th Cir. 1994); *Nguyen*, 44 F.3d at 237. This court sits in Virginia, and Virginia is a traditional *lex loci* choice of law state, meaning the substantive law of the place of the wrong governs the proceeding. *See Frye v. Commonwealth*, 345 S.E.2d 267, 272 (Va. 1986). The injury alleged by Salyers occurred in Virginia. Therefore, Lowe's premises liability is governed by Virginia law.

Virginia law of premises liability is well-settled. The Supreme Court of Virginia has held that a customer is an invitee of a store owner. *See Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990). A store owner owes an invitee a duty of ordinary care and must keep the premises in a reasonably safe condition. *See Winn-Dixie Stores*, 396 S.E.2d at 650. However, a store owner has no duty to warn its invitees of an unsafe condition which is open and obvious to a person exercising reasonable care for her own safety. *See Fobbs v. Webb Bldg. Ltd. P'ship*, 349 S.E.2d 355, 357 (Va. 1986) (citing *Appalachian Power Co. v. Saunders*, 349 S.E.2d 101, 105 (Va. 1986); *Indian Acres v. Denion*, 213 S.E.2d 797, 799 (Va. 1975)). *See also Tazewell Supply Co. v. Turner*, 189 S.E.2d 347, 349 (Va. 1972) (quoting *Gottlieb v. Andrus*, 104 S.E.2d 743 (Va. 1958) (citations omitted)).

The Commonwealth of Virginia follows the doctrine of contributory negligence. *See, e.g., Yeary v. Holbrook*, 198 S.E. 441, 450 (Va. 1938). Contributory negligence is defined as the "the failure of the plaintiff to exercise ordinary care for [her] own safety, which, together with the negligence of another, brings about injury to [her]." *Yeary*, 189 S.E. at 450. In Virginia, if the plaintiff

-5-

Case 1:06-cv-00104-GMW-PMS   Document 11   Filed 04/20/07   Page 5 of 9   Pageid#: 176

fails to exercise reasonable care, and this failure contributes to the cause of her injury, she cannot recover from the defendant. *See Tazewell Supply*, 189 S.E.2d at 349 (quoting *Gottlieb*, 104 S.E.2d at 746)). *See also Yeary*, 198 S.E. at 450.

While discussing the factual situation in *Tazewell Supply*, the Supreme Court of Virginia noted that, in that case, along with the *Gottlieb* case, the plaintiff was not looking where she was going when she tripped over an open and obvious article in the aisle. *See Tazewell Supply*, 189 S.E.2d at 348-50. In *Tazewell Supply*, the plaintiff's sister testified that the box was in plain view and that it was 12 to 14 inches wide and 12 to 14 inches tall. *See* 189 S.E.2d at 349-50. The Supreme Court of Virginia held that the box in *Tazewell Supply* was "clearly" an open and obvious hazard and that the plaintiff, by not paying attention to where she was going, was guilty of contributory negligence as a matter of law barring recovery. *Tazewell Supply*, 189 S.E.2d at 350.

The case at hand is strikingly similar to *Tazewell Supply*. In this case, the plaintiff admits that she was not looking where she was going when she tripped over a pallet of boxes. (Answer to Interrogatories at 4-5, Salyers Deposition at 25-26.) The plaintiff and her sister differ slightly in their description of the exact size of the pallet of boxes, but, based on their statements, it was somewhere between two and four feet high. (Salyers Deposition at 26, Byrd Deposition at 21-22.) Additionally, it is clear from the deposition transcript and answers to interrogatories that the aisle was well-lighted and the only reason that Salyers did not see the pallet of boxes was that she was walking backwards and not looking where she was going.

Based on the uncontradicted evidence before the court, the hazard at issue in this case was clearly open and obvious. *See Tazewell Supply*, 189 S.E.2d at 349-50. Furthermore, based on Salyers's description of her actions, she is guilty of contributory negligence as a matter of Virginia law and, thus, cannot recover. *See Tazewell Supply*, 189 S.E.2d at 349 (quoting *Gottlieb*, 104 S.E.2d at 746). As a result, regardless of the fact that the defendant's Motion was unopposed, no triable issue of material fact exists in this case. Therefore, the defendant's Motion should be granted.

### *PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW*

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations.

1. The defendant's Motion is unopposed by the plaintiff;
2. Under Virginia law, a store owner has no duty to warn invitees of open and obvious hazards;
3. Also under Virginia law, an invitee who is not looking where she is walking and trips over an open and obvious hazard is guilty of contributory negligence as a matter of law and cannot recover;
4. The uncontradicted facts show that the plaintiff in this case was walking backwards, she was not looking where she was going and she tripped over a pallet of boxes two to four feet high;
5. As a result, there is no genuine issue of material fact, and the court finds that the plaintiff was negligent as a matter of law and this contributory negligence bars her from recovering for her injuries.

## *RECOMMENDED DISPOSITION*

Based on the above stated reasons, I recommend that the court grant the defendant's Motion, (Docket Item No. 6), and dismiss the plaintiff's claim.

### *Notice To Parties*

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in the matter to the Honorable Glen M. Williams, Senior United States District Judge.

The clerk is directed to send copies of this Report and Recommendation to all counsel of record.

**DATED:** This 20th day of April 2007

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE